UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HELEN HANKERSON,

    Plaintiff,

vs.                                                     CASE NO.:

MOSAIC FERTILIZER, LLC,

    Defendant.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Helen Hankerson, sues Defendant, Mosaic Fertilizer, LLC ("Mosaic") and alleges:

### JURISDICTIONAL ALLEGATIONS

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that it is an action arising under the laws of the United States.

2. Plaintiff, Helen Hankerson is a resident of Hillsborough County, Florida.

3. Defendant, Mosaic is a foreign corporation which, at all times material hereto, was conducting business in this judicial district.

4. The claims sued upon herein accrued within this judicial district.

5. Plaintiff has exhausted any and all administrative remedies prior to bringing this action.

6. All conditions precedent to the institution and maintenance of this action have occurred or have been performed.

## GENERAL ALLEGATIONS

7. In or about November 2006, Defendant hired Plaintiff to work at its phosphate plant in Riverview, Florida. Plaintiff was employed on a full-time and continuous basis as a Mills Relief Operator.

8. In January 2010, it was determined that Plaintiff would require surgery on her left shoulder for a rotator cuff tear.

9. In January 2010, Plaintiff requested and was granted FMLA leave for the shoulder surgery. A true and correct copy of the Designation Notice is attached hereto as Exhibit A. Defendant did not advise Plaintiff on the Designation Notice that she would be required to present a fitness-for-duty certificate to be restored to employment.

10. Plaintiff underwent the surgery on March 1, 2010 and her FMLA leave began that day.

11. On May 26, 2010, Plaintiff's surgeon stated in writing that Plaintiff could return to work unrestricted as of May 27, 2010. *See* Exhibit B attached hereto. Plaintiff provided Exhibit B to Defendant on May 27, 2010 and informed Defendant she was ready and eager to get back to work.

12. Defendant did not allow Plaintiff to return to work on May 27, 2010. Instead, Defendant required Plaintiff to undergo an evaluation by a company physician. The physician informed Defendant that Plaintiff had a medical restriction, but otherwise was fit for duty.

13. From May 27, 2010 forward, Plaintiff repeatedly requested that she be allowed to return to work, but Defendant repeatedly refused to reinstate her.

14. While refusing to reinstate Plaintiff, Defendant assigned male employees to perform her job.

15. On or about June 8, 2010, Plaintiff filed a Charge of Discrimination with the EEOC alleging she was subjected to unlawful gender and disability discrimination.

16. On June 16, 2010, Plaintiff's surgeon again opined that she could return to work unrestricted. *See* Exhibit C hereto. Plaintiff provided Exhibit C to Defendant on June 16, 2010.

17. On August 25, 2010, Plaintiff filed an amended Charge of Discrimination with the EEOC alleging she was subjected to unlawful discrimination based on her gender, race and being regarded as disabled and that she suffered retaliation by her employer for filing a Charge of Discrimination.

18. On August 26, 2010, Defendant informed Plaintiff that she was being laid off.

19. On September 17, 2010, the EEOC issued a right-to-sue letter to Plaintiff on her amended Charge of Discrimination.

20. Plaintiff was qualified to perform her job with Defendant and did perform her job in a way that satisfied her employer's expectations.

## COUNT I – VIOLATION OF THE FMLA

21. This is an action for damages brought pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA").

22. Plaintiff realleges and incorporates herein by reference each of the General Allegations above as though fully stated herein.

23. Defendant is and was at all times material hereto an employer within the meaning of the FMLA and the employer of Plaintiff.

24. Plaintiff at all times material hereto was an eligible employee of Defendant with a serious health condition within the meaning of the FMLA.

25. Defendant interfered with Plaintiff's FMLA rights in violation of the FMLA by refusing to reinstate her upon the expiration of her FMLA leave and laying her off.

26. Defendant's violations of the FMLA were willful and not in good faith.

27. As a direct and/or proximate result of Defendant's conduct, Plaintiff has sustained damages and has been compelled to retain the services of an attorney.

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief pursuant to 29 U.S.C. § 2617:

  a. Back pay;

  b. Employment benefits;

  c. Front pay or reinstatement;

  d. Liquidated damages;

  e. Pre-judgment and post-judgment interest;

  f. Costs, expert witness fees and attorneys' fees; and

  g. Such other relief as the Court deems proper.

## COUNT II – RETALIATION IN VIOLATION OF TITLE VII

28. This is an action for damages brought pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

29. Plaintiff realleges and incorporates herein by reference each of the General Allegations above as though fully stated herein.

30. Defendant was at all times material hereto an employer and covered entity within the meaning of Title VII and the employer of Plaintiff.

31. Plaintiff was at all times material hereto an employee of Defendant.

32. Defendant intentionally retaliated against Plaintiff because she filed a Charge of Discrimination with the EEOC, in violation of Title VII, by refusing to allow her to return to work and by laying her off.

33. Defendant's retaliatory conduct was performed with malice or reckless indifference to Plaintiff's federally protected rights.

34. As a direct and/or proximate result of Defendant's actions, Plaintiff has sustained damages and has been compelled to retain the services of an attorney.

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief pursuant to 42 U.S.C. §§ 1981a and 2000e-5:

    a. Back pay;

    b. Front pay;

    c. Employment benefits;

    d. Compensatory damages, including damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and/or other nonpecuniary losses;

    e. Punitive damages;

    f. Interest;

    g. Costs;

    h. Attorneys' fees, including expert fees; and

    i. Such other relief as the Court deems proper.

## COUNT III – RETALIATION IN VIOLATION OF THE ADA

35. This is an action for damages brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA").

36. Plaintiff realleges and incorporates herein by reference each of the General Allegations above as though fully stated herein.

37. Defendant was at all times material hereto an employer and covered entity within the meaning of the ADA and the employer of Plaintiff.

38. Plaintiff was at all times material hereto an employee of Defendant.

39. Defendant intentionally retaliated against Plaintiff because she filed a Charge of Discrimination with the EEOC, in violation of the ADA, by refusing to allow her to return to work and by laying her off.

40. Defendant's retaliatory conduct was performed with malice or reckless indifference to Plaintiff's federally protected rights.

41. As a direct and/or proximate result of Defendant's actions, Plaintiff has sustained damages and has been compelled to retain the services of an attorney.

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief pursuant to 42 U.S.C. §§ 1981a, 2000e-5 and 12117:

a. Back pay;

b. Front pay;

c. Employment benefits;

d. Compensatory damages, including damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and/or other nonpecuniary losses;

e. Punitive damages;

f. Interest;

g. Costs;

    h.      Attorneys' fees, including expert fees; and

    i.      Such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable in this action.

Dated:  December 13, 2010

*/s/ Wendolyn S. Busch*
WENDOLYN S. BUSCH, ESQUIRE
Florida Bar No.  817287
LAW OFFICES OF
WENDOLYN S. BUSCH, P.A.
Post Office Box 221
Odessa, Florida  33556-0221
Telephone:  (813) 600-5332
Facsimile:   (813) 600-5957
wb@wendybusch.com
Attorney for Helen Hankerson

**EXHIBIT A**

| | |
|---|---|
| **Designation Notice** <br> **(Family and Medical Leave Act)** | **U.S. Department of Labor** <br> Employment Standards Administration <br> Wage and Hour Division |



OMB Control Number: 1215-0181
Expires: 12/31/2011

Leave covered under the Family and Medical Leave Act (FMLA) must be designated as FMLA-protected and the employer must inform the employee of the amount of leave that will be counted against the employee's FMLA leave entitlement. In order to determine whether leave is covered under the FMLA, the employer may request that the leave be supported by a certification. If the certification is incomplete or insufficient, the employer must state in writing what additional information is necessary to make the certification complete and sufficient. While use of this form by employers is optional, a fully completed Form WH-382 provides an easy method of providing employees with the written information required by 29 C.F.R. §§ 825.300(c), 825.301, and 825.305(c).

To: HELEN HANKERSON

Date: 01/28/2010

We have reviewed your request for leave under the FMLA and any supporting documentation that you have provided. We received your most recent information on 01/28/2010 and decided:

✓ Your FMLA leave request is approved. All leave taken for this reason will be designated as FMLA leave.

The FMLA requires that you notify us as soon as practicable if dates of scheduled leave change or are extended, or were initially unknown. Based on the information you have provided to date, we are providing the following information about the amount of time that will be counted against your leave entitlement:

____ Provided there is no deviation from your anticipated leave schedule, the following number of hours, days, or weeks will be counted against your leave entitlement: _____

____ Because the leave you will need will be unscheduled, it is not possible to provide the hours, days, or weeks that will be counted against your FMLA entitlement at this time. You have the right to request this information once in a 30-day period (if leave was taken in the 30-day period).

Please be advised (check if applicable):

____ You have requested to use paid leave during your FMLA leave. Any paid leave taken for this reason will count against your FMLA leave entitlement.

____ We are requiring you to substitute or use paid leave during your FMLA leave.

____ You will be required to present a fitness-for-duty certificate to be restored to employment. If such certification is not timely received, your return to work may be delayed until certification is provided. A list of the essential functions of your position ☐ is ☐ is not attached. If attached, the fitness-for-duty certification must address your ability to perform these functions.

____ Additional information is needed to determine if your FMLA leave request can be approved:

____ The certification you have provided is not complete and sufficient to determine whether the FMLA applies to your leave request. You must provide the following information no later than _____, unless it is not
(Provide at least seven calendar days)
practicable under the particular circumstances despite your diligent good faith efforts, or your leave may be denied.

_____
(Specify information needed to make the certification complete and sufficient)

____ We are exercising our right to have you obtain a second or third opinion medical certification at our expense, and we will provide further details at a later time.

____ Your FMLA Leave request is Not Approved.
____ The FMLA does not apply to your leave request.
____ You have exhausted your FMLA leave entitlement in the applicable 12-month period.

**PAPERWORK REDUCTION ACT NOTICE AND PUBLIC BURDEN STATEMENT**
It is mandatory for employers to inform employees in writing whether leave requested under the FMLA has been determined to be covered under the FMLA. 29 U.S.C. § 2617; 29 C.F.R. §§ 825.300(d), (e). It is mandatory for employers to retain a copy of this disclosure in their records for three years. 29 U.S.C. § 2616; 29 C.F.R. § 825.500. Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. The Department of Labor estimates that it will take an average of 10 – 30 minutes for respondents to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, U.S. Department of Labor, Room S-3502, 200 Constitution Ave., NW, Washington, DC 20210. DO NOT SEND THE COMPLETED FORM TO THE WAGE AND HOUR DIVISION.

Form WH-382 January 2009

**EXHIBIT B**

# FLORIDA ORTHOPAEDIC INSTITUTE
## EXCUSE FROM WORK OR SCHOOL FORM

Date: 5-26-10   Name: Helen Henkerson   MR#: 955799

This excuse is only valid until the patient's next scheduled appointment. Next Appointment 7/7/10

**Check one:**

- ELLEN BEATTY, M.D. ☐
- THOMAS BERNASEK, M.D. ☐
- ANTONIO CASTELLVI, M.D. ☐
- THOMAS DAVISON, M.D. ☐
- JOSE DE LA TORRE, M.D. ☐
- THOMAS DIPASQUALE, D.O. ☐
- MARK FRANKLE, M.D. ☐
- SETH GASSER, M.D. ☐
- KENNETH GUSTKE, M.D. ☐
- GEORGE HAIDUKEWYCH, M.D. ☐
- DOLFI HERSCOVICI, D.O. ☐
- DAVID HERSON, M.D. ☐
- ALFRED HESS, M.D. ☐
- ANTHONY INFANTE, JR., D.O. ☒
- HOWARD JACKSON, M.D. ☐
- STEVEN LYONS, M.D. ☐
- MARK MIGHELL, M.D. ☐
- ADAM MORSE, D.O. ☐
- DAVID A. REINA, D.C. ☐
- H. CLAUDE SAGI, M.D. ☐
- ROY SANDERS, M.D. ☐
- JODI SHIELDS, M.D. ☐
- JOHN SMALL, M.D. ☐
- JEFFREY STONE, M.D. ☐
- ARTHUR WALLING, M.D. ☐
- MARC WEINSTEIN, M.D. ☐
- OTHER _____

To Whom It May Concern:

The Above Named Person/Patient: **SEE BELOW**

✓ Attended Clinic Today
   ___ Please Excuse From: ___ School
                          ___ Work

___ Accompanied A Patient To Clinic Today
   ___ Please Excuse From: ___ School
                          ___ Work

Must Observe P.E. Restrictions as Follows:
   ___ May Not Participate Until _____
   ___ May Participate Without Restrictions As Of _____
   ___ May Participate With The Following Restrictions As Of _____
   _____
   _____

Must Observe Work Restrictions As Follows:
   ___ Off Work Until _____
   ✓ May Return To Work Unrestricted As Of 5-27-10
   ___ May Return To Work As Of _____

With The Following Restrictions _____

☐ Lifting Maximum (lbs)      ☐ Stooping      ☐ Climbing
   0  10  20  50  100        ☐ Crawling      ☐ Driving
☐ Squatting                  ☐ Standing      ☐ As Tolerated
☐ Overhead Reaching          ☐ Walking
☐ Repetitive Use             ☐ Bending/Twisting
   ☐ LE   ☐ UE
☐ Part-Time  ☐ 2 hrs  ☐ 4hrs  ☐ 6hrs   Other: _____

Other: _____
_____

Physician: _[signature]_

If you have any questions please call us at the office that your doctor is located at: **Telecom:** (813) 978-9700;
**MLK:** (813) 876-6885; **Brandon:** (813) 657-8448; **CWOOD:** (813) 936-5075; **S Tampa:** (813) 287-9370; **Sun City:** (813) 633-5232

*White - Patient • Yellow - Chart*

**EXHIBIT C**

# FLORIDA ORTHOPAEDIC INSTITUTE
## EXCUSE FROM WORK OR SCHOOL FORM

Date: 6/16/10  Name: Ellen Hankerson  MR#: 955799

This excuse is only valid until the patient's next scheduled appointment. Next Appointment ___/___/___ (weeks)

**Check one:**

| Physician | |
|---|---|
| ELLEN BEATTY, M.D. | ☐ |
| THOMAS BERNASEK, M.D. | ☐ |
| ANTONIO CASTELLVI, M.D. | ☐ |
| THOMAS DAVISON, M.D. | ☐ |
| THOMAS DIPASQUALE, D.O. | ☐ |
| MARK FRANKLE, M.D. | ☐ |
| SETH GASSER, M.D. | ☐ |
| KENNETH GUSTKE, M.D. | ☐ |
| GEORGE HAIDUKEWYCH, M.D. | ☐ |
| DOLFI HERSCOVICI, D.O. | ☐ |
| DAVID HERSON, M.D. | ☐ |
| ALFRED HESS, M.D. | ☐ |
| ANTHONY INFANTE, JR., D.O. | ☒ |
| HOWARD JACKSON, M.D. | ☐ |
| STEVEN LYONS, M.D. | ☐ |
| MARK MIGHELL, M.D. | ☐ |
| ADAM MORSE, D.O. | ☐ |
| DAVID A. REINA, D.C. | ☐ |
| H. CLAUDE SAGI, M.D. | ☐ |
| ROY SANDERS, M.D. | ☐ |
| JODI SHIELDS, M.D. | ☐ |
| JOHN SMALL, M.D. | ☐ |
| JEFFREY STONE, M.D. | ☐ |
| ARTHUR WALLING, M.D. | ☐ |
| MARC WEINSTEIN, M.D. | ☐ |

To Whom It May Concern:

The Above Named Person/Patient: **SEE BELOW**

☒ Attended Clinic Today
  ___ Please Excuse From: ___ School
                          ___ Work

Accompanied A Patient To Clinic Today
  ___ Please Excuse From: ___ School
                          ___ Work

Must Observe P.E. Restrictions as Follows:
  ___ May Not Participate Until _____
  ___ May Participate Without Restrictions As Of _____
  ___ May Participate With The Following Restrictions As Of _____

No restrictions! (R) UE - Full ROM, may WBAT & lift s limits.

Must Observe Work Restrictions As Follows:
  ___ Off Work Until _____
  ☒ May Return To Work Unrestricted As Of 5/26/10
  ___ May Return To Work As Of _____
  With The Following Restrictions _____

☐ Lifting Maximum (lbs)    ☐ Stooping        ☐ Climbing
  0  10  20  50  100       ☐ Crawling        ☐ Driving
☐ Squatting                ☐ Standing        ☐ As Tolerated
☐ Overhead Reaching        ☐ Walking
☐ Repetitive Use           ☐ Bending/Twisting
  ☐ LE  ☐ UE
☐ Part-Time  ☐ 2 hrs  ☐ 4hrs  ☐ 6hrs  Other: _____

Other: _____

OTHER _____

Physician: [signature] Nalleen PAC

If you have any questions please call us at the office that your doctor is located at: **Telecom:** (813) 978-9700;
**MLK:** (813) 876-6885; **Brandon:** (813) 657-8448; **CWOOD:** (813) 936-5075; **S Tampa:** (813) 287-9370; **Sun City:** (813) 633-5232

*White - Patient • Yellow - Chart*